UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA Plaintiff

v. Criminal Action No. 3:23-CR-00056

WILBERT DWIGHT BETHEL Defendant

* * * * *

**MEMORANDUM OPINION & ORDER**

Defendant Wilbert Dwight Bethel ("Bethel"), pro se, moves for a review of his federal sentence computation and custody history.[1] [DE 310 at 1615; DE 312 at 1618]. The United States has not responded. While the time has passed for a response since the filing of the original motion but not since the deficiency was cured. Because there is no prejudice to the United States, the Court proceeds without a response. For the reasons below, Bethel's Motion for [DE 310; DE 312] is **DENIED**.

**BACKGROUND**

On July 31, 2024, Bethel pleaded guilty to counts 1, 6, 28-30, and 33-38 of a Superseding Indictment. [DE 304 at 1573]. He pleaded guilty to one count of conspiracy to distribute methamphetamine; two counts of distribution of methamphetamine, aiding and abetting; four counts of distribution of methamphetamine; three counts of possessing a firearm in furtherance of a drug trafficking; and one count of possession of a firearm by a prohibited person. [*Id.* at 1573-74]. He was sentenced on November 25, 2025 to 24 months as to each of counts 1, 6, 28, 29, 33, 35, 36, and 37 in the Superseding Indictment, to be served concurrent with each other, and 12

[1] Bethel's original motion was filed on October 27, 2026 and a notice of deficiency was entered by the Clerk of Court on October 29, 2026as the filing was not signed. Bethel corrected the deficiency on November 16, 2026.

months on each of counts 30, 34, 38 which shall be served consecutive to the terms imposed on counts 1, 6, 28, 29, 33, 35, 36, and 37, for a total term of 60 months. [*Id.* at 1575]. The Court was silent on any anticipated term of incarceration in any other state cases. [DE 306]. Bethel now asserts that the state ordered a sentence to run concurrent with this federal sentence and he seeks a review of the computation of her sentence.

Bethel his housed at FCI Cumberland in Maryland, outside the Western District of Kentucky. *See* https://www.bop.gov/mobile/find_inmate/byname.jsp#inmate_results (last visited November 18, 2026). His anticipated release date is February 27, 2030. [*Id.*].

**ANALYSIS**

A post-conviction motion attacking either the execution of a sentence or confinement that is not the result of a trial court's judgment must be brought in a petition pursuant to 28 U.S.C. § 2241 in the district where the defendant is incarcerated or in a regional BOP office. *See* 28 U.S.C. §§ 2241, 2255. Bethel's request for review of his sentence computation attacks the execution of his sentence by the BOP, asserting that BOP has miscalculated his service time. [DE 310 at 1615; DE 312 at 1618]. He does not challenge the sentence itself, but requests this Court review BOP's calculation. [*Id.*]. Therefore, Bethel may only seek such relief through a § 2241 habeas petition, and he may only file such petition in the federal court located in the district in which he is incarcerated, or where a regional BOP office is located. *United States v. Powell*, No. 5:11-CR-75-JMH-1, 2019 WL 1521972, at *1 (E.D. Ky. Apr. 8, 2019). Because Bethel has not brough this request by way of a § 2241 petition and because he is housed in a judicial district other than the Western District of Kentucky, this Court lacks jurisdiction to provide the requested relief.

Moreover, the authority to calculate service time and award good-time credits rests with the BOP. *Powell*, 2019 WL 1521972, at *2. "When sentencing criminal defendants, federal district courts do not determine the appropriate credit for time spent in official detention." *Id.* (citing *United States v. Wilson*, 503 U.S. 329, 333 (1992)). The United States Attorney General, acting through the BOP, administers a federal defendant's sentence and initially has the exclusive authority to determine when a federal sentence commences and to compute sentence credit awards after sentencing. 18 U.S.C. §§ 3585(a), 3621(b); *See* 28 C.F.R. § 0.96 ("The Director of the Bureau of Prisons is authorized to exercise or perform the authority, functions, or duties conferred or imposed upon the Attorney General by any law relating to the commitment, control, or treatment of persons . . . charged with or convicted of offenses against the United States . . ."); *Wilson,* 503 U.S. at 335. 18 U.S.C. § 3624 clearly states that it is the BOP, not the district court, that determines whether a federal prisoner should receive good time credit. As a result, this Court cannot grant the relief Bethel seeks.

Before seeking habeas relief under § 2241, an individual must first exhaust administrative remedies within the BOP. *Luedtke v. Berkebile*, 704 F.3d 465, 466 (6th Cir. 2013). If an individual feels the BOP has unfairly denied credit toward the sentence imposed, the individual may pursue administrative review of the computation of the credit. *See Wilson*, 503 U.S. at 335 (citing 28 C.F.R. §§ 542.10-542.16). The purpose of the exhaustion requirement is to (1) ensure that the agency has an opportunity to review and revise its actions before seeking judicial intervention, preserving judicial resources and administrative autonomy, and (2) ensure that a reviewing court has a complete evidentiary record. *Noriega-Lopez v. Ashcroft*, 335 F. 3d 874, 881 (9th Cir. 2003); *Moscato v. Fed. Bureau of Prisons*, 98 F.3d 757, 761-62 (3d Cir. 1996). Without a complete record explaining BOP's actions and its reasoning, any reviewing Court lacks an adequate

evidentiary basis on which to review such complaints. *See Woodford v. Ngo*, 548 U.S. 81, 89 (2006).

Here, Bethel neither filed a § 2241 petition, nor does he assert he filed any grievance, complaint, or appeal with the BOP. On this record, the Court cannot find pursuit or exhaustion of administrative remedies prior to filing his Motion and lacks jurisdiction to award any relief. Accordingly, **IT IS ORDERED** that Bethel's Motion [DE 310; DE 312] is **DENIED**.

Rebecca Grady Jennings, District Judge
United States District Court

November 18, 2026

CC: Defendant, pro se